No. 16,023.

SCHNEIDER *v.* THE PEOPLE.

(207 P. [2d] 525)

Decided October 4, 1948.   Second rehearing denied June 2, 1949.

Mr. J. GORDER SMITH, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

ALTHOUGH previously, and in due course, there had been consideration and denial of a petition for rehearing in this case, notwithstanding, on the seventeenth day of May, 1949, defendant filed a second such petition, based on two contentions: One, that although inadmissible, evidence of crimes committed by defendant in another state nevertheless was admitted, to his preju-

dice; and, two, that to obtain confessions from defendant, he "was held by police officials and questioned throughout many days, and that to so hold and question a man for an extended period of time amounted to coercion, and violated the 'due process clause' of the Fourteenth Amendment to the United States Constitution."

1. As to the first point, it is sufficient to say that it has been considered and resolved adversely to defendant's contention in a formal opinion (*Schneider v. People,* 118 Colo. 543) announced by us October 4, 1948, two justices dissenting, and there was like disposition on his first petition for rehearing. We decline to examine further in relation thereto.

2. Because this is a capital case, however, and despite the failure of defendant to raise point two at an earlier stage of the proceedings, we have considered it on the current petition for rehearing. On such consideration, as we are persuaded, defendant has not shown that the admission of confessions obtained by the means stated, violated the due process clause of the Fourteenth Amendment to the United States Constitution. Consistently, therefore, the second contention is overruled.

The petition for rehearing is denied.

MR. JUSTICE JACKSON, MR. JUSTICE STONE and MR. JUSTICE ALTER dissent to the consideration of the second point of the opinion, and believe the petition should be stricken.